# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANTHONY PAYNE; and JOHNITA PAYNE,

        Plaintiffs,

v.                                                                                          Case No. 6:11-cv-1582-Orl-37GJK

C.R. BARD, INC.; and BARD PERIPHERAL VASCULAR, INC.,

        Defendants.

## ORDER

This matter comes before the Court on the following:

1. Plaintiffs' Amended Motion Seeking Leave to Re-Open the Deadline to Disclose Expert Witnesses, Additional Motion Seeking Leave to Possibly Re-Open Fact Discovery (in the Event Judge Toomey Rules the Lehmann Report is Not Privileged), and Motion Seeking to Postpone Consideration of Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 139), filed March 15, 2014;

2. Defendants' Response in Opposition to Plaintiffs' Motion to Re-Open the Deadline to Disclose Expert Witnesses and Other Included Motions (Doc. 143), filed March 25, 2014; and

3. Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Motion to Re-Open the Deadline to Disclose Expert Witnesses (and Other Included Motions) and Incorporated Memorandum of Law (Doc. 149), filed April 3, 2014.

**BACKGROUND**

In this medical device products liability action, Plaintiffs Anthony Payne and his wife Johnita Payne assert three claims: (1) strict liability based on defective design (Doc. 11, ¶¶ 23–31); (2) strict liability based on defective manufacturing (*id.* ¶¶ 32–43); and (3) negligence (*id.* ¶¶ 44–55). In support of their claims—which require expert testimony on the issues of defect and causation—Plaintiffs timely identified Drs. Hetzel and Harward as their expert witnesses. Defendants challenged both witnesses, (s*ee* Docs. 74, 75), and also filed a motion for summary judgment based in part on the argument that Plaintiffs cannot establish the requisite elements of defect and causation absent the opinion testimony of Dr. Hetzel. (Doc. 76.)

After a hearing, the Court granted the Defendants' motion challenging the admissibility of the opinions of Dr. Hetzel. (Doc. 136.) Plaintiffs then moved to reopen the deadline to disclose expert witnesses, to reopen fact discovery (in the event a discovery motion was resolved in Plaintiffs' favor), and to postpone consideration of Defendants' motion for summary judgment. (Doc. 139.) Defendants opposed the motion (Doc. 143), and Plaintiffs filed a reply. (Doc. 149.)

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), expert witness disclosures are required "at the times and in the sequence directed by the Court." Pursuant to Rule 16, deadlines set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court has discretion in deciding whether to continue any deadlines. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991); *Blakely v. Safeco Ins. Co. of Ill.*, No. 6:13-cv-796-Orl-37TBS, 2014 WL 1328516, at *2–3 (M.D. Fla. Apr. 1, 2014). A decision on scheduling matters will not be disturbed "unless arbitrary or unreasonable." *Quiet Tech. DC-8, Inc.*

*v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1351 (11th Cir. 2003); *see also Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003).

Here, the Plaintiffs initially complied with disclosure deadlines, and at the evidentiary hearing on the Daubert motions, the Court invited them to seek leave to disclose another expert witness. (Doc. 133.) In doing so, the Court specifically noted that a dispute existed concerning Plaintiff's disclosure of Dr. Asch as a "rebuttal" witness. (*Id.*; Doc. 70.) On April 21, 2014, Magistrate Judge Gregory J. Kelly denied Defendants' motion to strike Plaintiffs' disclosure of Dr. Asch and reopened the expert discovery disclosure deadline "solely for the purposes of allowing Plaintiffs to serve Defendants with a complete expert disclosure regarding Dr. Asch." (Doc. 152.)

With an interest in resolving cases on the merits, it appears that Dr. Asch—who is well-known to Defendants—might be used as an expert in Plaintiffs' case-in-chief without undue delay of the proceedings or prejudice to Defendants. Accordingly, although authority exists for denying motions to reopen expert disclosure deadlines following an adverse Daubert ruling, consistent with Magistrate Judge Kelly's Order, the Court will exercise its discretion to permit Plaintiffs' late disclosure and to briefly extend related deadlines.[1] If Plaintiffs fail to comply with the deadlines set forth in this Order and Magistrate Judge Kelly's Order (Doc. 152), then the Court shall immediately take Defendants' motion for summary judgment under advisement.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Amended Motion Seeking Leave to Re-Open the Deadline to

---

[1] The Court will deny Plaintiffs' motion to reopen fact discovery without prejudice to its reassertion if the Court upholds Magistrate Judge Joel B. Toomey's Order concerning the Lehmann Report. (Docs. 145, 150.)

>
> Disclose Expert Witnesses, Additional Motion Seeking Leave to Possibly Re-Open Fact Discovery (In the Event Judge Toomey Rules the Lehmann Report is Not Privileged), and Motion Seeking to Postpone Consideration of Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 139) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.
>
> a. The Motion (Doc. 139) is **DENIED WITHOUT PREJUDICE** to the extent that Plaintiffs request a reopening of fact discovery.
>
> b. The Motion (Doc. 139) is **GRANTED** in that the expert disclosure deadline is reopened and extended until 5:00 p.m., Wednesday, **April 30, 2014**, solely for the purposes of allowing Plaintiffs to serve Defendants with a complete expert disclosure regarding Dr. Asch, and to file with the Court a notice of whether Dr. Asch has been disclosed as an expert in Plaintiffs' case-in-chief.
>
> 2. If Plaintiffs timely comply with Paragraph 1(b) of this Order, then:
>
>    a. Defendants may identify a rebuttal expert on or before **June 16, 2014**;
>
>    b. Expert discovery will be reopened until **July 14, 2014**;
>
>    c. The parties will be permitted to supplement their summary judgment briefing to address any new expert opinion evidence on or before **August 1, 2014**;
>
>    d. The Court will **reserve ruling** on Defendants' Motion for Summary Judgment (Doc. 76) until **August 18, 2014**; and
>
>    e. The trial and pretrial dates will be rescheduled, with a new trial to

be set no later than **November 1, 2014**.

3. If Plaintiffs fail to timely comply with the requirements of this Order and Magistrate Judge Kelly's Order (Doc. 152), then the Court will immediately take the Defendants' Motion for Summary Judgment (Doc. 76) under advisement, and all other deadlines in this action will be unchanged.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 25, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record